IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Nina Y. Wang**

Case No. 26-cv-00293-NYW

BEIBY DE OMAR DIAZ MARQUEZ,

    Petitioner,

v.

JUAN BALTASAR, in his official capacity,
KRISTI NOEM, in her official capacity,
PAMELA BONDI, in her official capacity,
TODD M. LYONS, in his official capacity, and
JOHN FABBRICATORE, in his official capacity,

    Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner Beiby de Omar Diaz Marquez ("Petitioner"). [Doc. 1]. Petitioner is a citizen of El Salvador who has been present in the United States since 2005. [*Id.* at ¶ 1]. Upon information and belief, he is currently detained at the ICE Denver Contract Detention Facility. [*Id.* at ¶ 3]. He seeks, among other things, a Court order directing Respondents to immediately release him from custody or provide him a bond hearing pursuant to 8 U.S.C. § 1226(a). [*Id.* at 15–16].

Upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail, on or before **January 29, 2026**. Petitioner shall promptly file proof of such service on the docket, and counsel for Respondents shall

promptly enter their notices of appearance. Within **seven days of service**, Respondents shall **RESPOND** to the Petition and **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **seven days** after the Response.

In addition, the All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this

Order.  See *Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

DATED:  January 26, 2026                        BY THE COURT:

_____
Nina Y. Wang
United States District Judge

3